**ROBERT W. HAGGLUND, SHIRLEY KISIEL, SHIRLEY KISIEL on behalf of THAD KISIEL, AUDREY RULZ, KAY SAMUELS, MADELINE LAVORA and RAY BROWN,**
Plaintiffs

v.

**AMERICAN MOTORS INN, SECOND COLUMBUS CORPORATION, general partners, d/b/a CROWN MOUNTAIN APARTMENT ASSOCIATES and ROGER F. MORAN, EVELYN J. MORAN, d/b/a MORAN REALTORS, Defendants**

Civil No. 1980-24

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 4, 1981

CHARLOTTE L. POOLE DAVIS, ESQ., St. Thomas, V.I., *for plaintiffs*

RICHARD E. DALEY, ESQ. (ISHERWOOD, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on the motion of the defendants for an order compelling the plaintiffs to pay all withheld rentals due to the defendants to defendants' representative, who would place the monies in an interest-bearing special account, or in the alternative, compel the plaintiffs to deposit said monies into the Court Registry. This motion will be granted.

Also before the Court is the plaintiffs' motion to extend the time to reply to the defendants' motion. The plaintiffs' motion will be granted in part and denied in part.

This action was filed by the plaintiffs on January 29, 1980, alleging that, inter alia, the defendants failed to keep the premises, that are occupied by the plaintiffs as tenants, in good repair, and in a safe and sanitary condition, and that there has been a failure to provide the tenants with consumable and usable water. The plaintiffs contend that such actions by the defendants constitute a breach of their implied warranty of habitability.

The defendants contend that all but one of the plaintiffs ceased paying any part of their monthly rental obligation on or before the date this law suit was filed. The defendants claim that as of February 12, 1981, the plaintiffs owed the following sums in overdue rentals:

| | |
|---|---|
| R. Hagglund, Apt. E16 | $4,139.40 |
| S. Kisiel, Apt. E7 | $5,010.30 |
| R. Brown, Apt. E3 | $4,626.40 |
| K. Samuels, Apt. A17 | $2,673.60 |
| M. Lavora (no longer a tenant, as of March of 1980) | $ 655.00 |
| A. Rulz | 0.00 |

The defendants argue that the alleged withholding of rent by the tenants is a self-help remedy not authorized by the laws of the Virgin Islands. They contend that even if the tenant plaintiffs do have a right to withhold rent from the defendants, for the breach of the implied warranty of habitability that the plaintiffs have alleged in their pleadings, the plaintiffs do not have the right to simply retain their rent, but must make deposits of their rent into a special account or the Court Registry, until this matter is disposed of on the merits. We agree.

There is no Virgin Islands statute which addresses itself to the issue of rent withholding by tenants for alleged breaches committed by a landlord. Accordingly, pursuant to the mandate of 1 V.I.C. § 4, "[t]he rule of the common law, as expressed in the restatements of

the law approved by the American Law Institute . . . [are] the rules of decision in the courts of the Virgin Islands in cases to which they apply . . . ." The Restatement (Second) of Property, Landlord and Tenant § 11.3 (1976) is applicable to the issues in this case. It provides the following in pertinent part:

§ 11.3 Rent Withholding

If the tenant is entitled to withhold the rent, the tenant, after proper notice to the landlord, may place in escrow the rent thereafter becoming due until the default is eliminated or the lease terminates, whichever first occurs . . . .

▉▉▉ Applying § 11.3 to the facts of this case, the tenant plaintiffs are entitled to withhold rent for the breach of the implied warranty of habitability that they have alleged in their complaint. See The Restatement (Second) of Property, Landlord and Tenant §§ 5.5 and 5.4(2)(d).[1] The tenants will lose their right to withhold the rent at such time as the defendants factually establish to the Court's satisfaction that the alleged breach of the implied warranty of habitability has been cured, or is nonexistent. The Court finds that the complaint gives the defendants "proper notice" of their alleged default, and therefore the notice requirement of § 11.3 has been satisfied. The tenants, however, cannot continue to simply retain their rent. They must deposit all overdue rental payments, as well as deposit all rental payments as they become due in the future, in an interest-bearing escrow account at a banking institution in the Virgin Islands selected by the defendants.

▉ Turning to the motion of the plaintiffs to extend the time to reply to the defendants' motion, the Court will deny that motion insofar as the plaintiffs will not be given an opportunity to submit a memorandum discussing the legal issues, such issues having been already discussed and decided in this memorandum. However, the plaintiffs will be given twenty (20) days from the date of this order to submit any proof they may have regarding the amount of rental payments that are allegedly due and owing to the defendants, if they

---

[1] Section 5.5(4) provides the following in pertinent part:

"If the failure of the landlord to fulfil an obligation . . . makes the leased property unsuitable for the use contemplated by the parties and the landlord does not correct his failure within a reasonable time after being requested to do so, the tenant is entitled to the remedies provided in section 5.4."

Section 5.4(2)(d) provides that one of the tenant's remedies is to continue the lease and withhold the rent "in the manner and to the extent prescribed in § 11.3."

dispute the amounts that the defendants allege are due. If no submission is made by the plaintiffs within twenty (20) days, the Court will order the plaintiffs to deposit the sums the defendants have alleged are due and owing, as well as any sums that have come due after February 12, 1981, in the escrow account to be established by defendants. If the plaintiffs fail to make the required deposits within thirty (30) days, or if the plaintiffs subsequently fail to deposit their rental payments as they become due, the Court may consider dismissal of the plaintiffs' action.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants to compel the plaintiffs to deposit all withheld rentals due to the defendants in an interest-bearing escrow account at a banking institution in the Virgin Islands selected by the defendants, be and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the plaintiffs have twenty (20) days from the date of this order to submit any evidence they may have disputing the amount of rental payments the defendants have alleged are due and owing.